JULIE H. CLAPP, Plaintiff, *v.* PARMLY S. CLAPP, Defendant.

Supreme Court, Special Term, New York County, June 19, 1962.

*Robert Polstein* for plaintiff. *Shevlin & Siegfried* for defendant.

BERNARD NEWMAN, J. Defendant moves for an examination before trial to frame an affirmative defense and counterclaim in this action for a separation.

The parties have been married over 30 years. Defendant seeks items of examination directed to plaintiff's prior marriage, and the validity of any divorce with respect thereto. However, the moving affidavit fails to indicate that defendant has a cause of action, and it appears that defendant is seeking to ascertain whether facts exist to create a defense and a cause of action. Under such circumstances, an examination before trial is not warranted (*New Rochelle Precision Grinding Corp.* v. *Marino, 9 A D 2d 685*). And in *Stewart* v. *Socony Vacuum Oil Co.,* (3 A D 2d 582), Presiding Justice BERGAN succinctly states:

'' The party seeking the examination ought to disclose under oath facts which will fairly indicate he has some cause of action against the adverse party. He need not, of course, either name it correctly or state it with technical precision, but as a matter of judicial policy he ought to be required to show, within the frame of rule 122 of the Rules of Civil Practice that the examination he seeks is ' material ' and ' necessary ' to some actionable wrong.

'' If he does not have a describable sense of the wrong that he thinks hurts him, he ought not be allowed a judicial franchise to penetrate into another party's affairs, either by examination or inspection, to find out whether he ought to sue or ought not to sue.'' (p. 583.)

Accordingly, the motion is denied.